DECLARATION OF JOHN VAN WU

I, John Van Wu, am over the age of 18 and fully competent to make the following declaration:

I am 51 years old.  I suffer from chronic lung disease with Asthma, and use 2 type of medication inhaler 2 to 3 times a daily, I also have Type 2 Diabetes Mellitus, high blood pressure, high lipidemia with increase risk of Coronary Artery Disease (CAD).  I have been treated for respiratory infection for 4 times since my incarceration.  I am currently detained at the low-security satellite camp at FCI Englewood, called "FPC Englewood".  There are 100+ men in my pod, living 3 to 5 people to a cell in a spaces made for single occupancy.  It's impossible to keep 6 feet of distance from each others.  I have serve over 15 months of a 51 months sentence.  I have no violent offenses on my record, and no prior offense of any kind.

Everywhere we go, we're all bunched up together and keeping our distance is impossible.  That's true everywhere--near the phones, the computers, tv room, the shower, everywhere.  All the beds are stacked next together or bunk bed, so it's impossible to maintain distance in the room.  There are only 4 phones and 6 computers shared by everyone.  They are not being cleaned in between uses.  Both the phones and the computers are less than 2 feet apart and are all in constant use, and the long line to wait especially during the day.

When I was transfer to Englewood Camp, BOP provided me with a bar of generic soap bar, and 2 weeks later, I ran out of soap and I request for an additional soap bar.  I was told by the BOP personnel that I have to purchase my own soap at the commissary.  There are no dispenser for soap or hand sanitizer anywhere in the unit.  The BOP is not doing anything in particular to protect people with high risk comobidity.  Nothing is being done to separate people who are older or with higher risk conditions, like me.  They have only sent out memos telling inmates to keep social distance and wash our hand.  I'm sure they know that's not possible at Englewood Camp.

Everyday, over 100+ inmates would line up in the hallway, bunched up right behind each other, which is 4 feet in width to pick up our breakfast, lunch and dinner.  There are no social distancing.  Food was package in paper bag or white styrofoam disposable box.  There's nowhere where we can eat without bumping right up against each other. There are no plastic shield between the BOP staff and inmates during meals distribution or medication distribution.  On many occasion, the BOP staff did not wear mask or PPE and within 3 feet or less distance coming contact with inmates.  The poor ventilation and filth in the vents which never cleaned.  Our dorm room measure 8 by 11 feet, each containing 3 bunk bed for 3 to 6 men.  In this space, there is no way for us to keep the six foot distance.  our beds are so close and stack on top of each other overcrowded like cattle.

If someone is sick or having a fever, they need to fill out a COP-OUT request form and have to wait at least 4 to 7 days or longer depend on how full the schedule of Dr. Oba, and his 2 nurses or his 2 medical assistant availability.  To see Dr. Oba, we have to wait  longer than 7 weeks to get an appointment.  After you been seen by the health care provider and you have a fever, the staff automatically put inmate into isolation but refuse to conduct a COVID test unless you are symptomatic or severely ill, which is intimidating to the inmates not to report their sickness unless they are symptomatic or face isolation.

The only one time Town hall meeting on April 2, 2020 took place at the Camp meeting room where BOP informed that in the event an inmate contracts COVID-19 at Englewood:

1) Inmate would be quarantine in a separate room for 14 days, yet share the same recycled air vent and central HVAC with the rest of the 100+ inmates at the Camp.

2) Inmate will be given water or IV fluid for hydration as needed.

3) Inmate will be given basic anti-inflammatory medication like Ibuprofen or Naproxen for fever or pain.

There are no medical treatments or plan on the part of the BOP to send inmates to the hospital in the event they are positive of COVID-19 infection or symptomatic. No other credible plan to provide effective treatment to an infected inmates.

It has been complete chaos since the COVID-19 began to spread inside FDC/FCI Englewood. Currently, they are 7+ inmates who contracted COVID-19 and over 90 inmates at FDC are currently under quarantine. These number are based on Medical Staff Cordova responding to the inmates questioning him at the medication/pill Line on July 13, 2020. According to conflicting report from BOP.gov website only reporting 5 inmates having active cOVID-19 not 7 inmates according to nurse Cordova which show there are discrepancies in BOP reporting. Please refer to Journal of American Association on July 10, 2020. I have requested to be tested for COVID-19 on 3 occasion but the staff refuse to perform the test and states that the facility policy do not have enough testing kit for inmates, unless inmates is symptomatic. In that light, other facilities where wide-spread testing has occurred, the infection rate has reached upward to 75% more than normal population.

Let me tell you what it is like with the CoVid-19 at Englewood. When the guards come to work they go thru a temporary stop point, which I can see from my window, and for the most part there is some staff there to take temperature. When there is a shift change and no guard on duty at 8 AM and 4 PM and the staff would pass the check point without temperature check. There are several spot around the compound where the staff can get in without going thru the check point. The inmates that being released or transfer to halfway house would be transport by camp inmate either drop off at the airport, Greyhound bus station or Halfway house would interact with the public and community then return back to our dormitory potentially infect the rest of camp inmates.

It is a tragedy to see some staff don't wear gloves or mask when giving out Insulin and medications to inmates. I try to avoid most of the staff when they come into the dormitory, except when 2 staff would do counts and they come in the room and at 10 AM, 4PM, midnight, 3 AM and 5 AM which is unavoidable. They have camp inmates go to the FDC to work and clean the bathroom, common area, mop the floor and cook food closed contact to inmates with COVID-19 positive and exposing camp inmates to the same air ventilation .

I have a secure and stable home environment that I can go to home confinement immediately if I am released.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ John Van Wu (by consent)

_____

JOHN VAN WU# 44803-013

DEAR WARDEN GREILICK,                                    APRIL 2, 2020

   I AM SEEKING COMPASSIONATE RELEASE AND TRANSFER TO HOME CONFINEME
DUE TO HAVING PRE-EXISTING MEDICAL CONDITIONS RENDERING ME SUSCEPTIBLE
TO COMPLICATIONS FROM COVID-19 VIRUS PANDEMIC INFECTION, MY MEDICAL
CONDITIONS INCLUDES CHRONIC LUNG DISEASE WITH TB INFECTION IN THE PAST
AND MODERATE TO SEVERE ASTHMA WITH HOSPITALIZATION REQUIRING EMERGENC
BREATHING TREATMENTS. I AM CURRENTLY INCREASING MY ASTHMA MEDICATIO
DOSAGE WITH MOMETASONE FUROATE 220 MCG UP TO 3 TIMES DAILY.
I HAVE BEEN TREATED FOR SEVERE RESPIRATORY INFECTION FOUR TIMES WITHIN LAST SIX
MONTHS, MY LAST RESPIRATORY INFECTIONS WAS TREATED ON FEBRUARY 5, 2020 WITH BACTR
(SULFAMETHOXAZOLE/TRIMETH 800/160 MG), CIPROFLOXACIN 500MG, ZITHROMAX 250MG,
AND PREDNISONE 10 MG. BY DR. OBA, MR. CORDOVA, AND DR. JOHNSON, I AM SUFFERIN
WITH CAD HEART DISEASES WITH HYPERTENSION, HYPERLIPIDEMIA AND TYPE 2
DIABETES WHICH I AM ABLE TO CONTROL WITH WEIGHTLOSS AND DIETS, I AM ALSO HAVIN
ARTHRITIS OF THE BACK AND RIGHT HIP TAKING IBUPROFEN 800MG AND ACETOMINOPHEN 650.

   ATTORNEY GENERAL WILLIAM BARR TOLD PRISON OFFICIALS TO GIVE PRIORITY TO INMATE
HELD IN LOW AND MINIMUM SECURITY FACILITIES; TO THOSE WHO HAVEN'T BEEN INVOLVED
IN VIOLENCE CRIMES AND WITH LOW PATTERN SCORES. A.G. BARR MEMORANDUM FOR
DIRECTOR OF B.O.P. ON MARCH 26, 2020 TO PRIORITIZE GRANTING HOME CONFINEMENT
TO INMATES WHO WERE CONVICTED OF LOWER LEVEL CRIMES, HAVE SHOWN GOOD CONDUCT, AND
HAVE PRE-EXISTING MEDICAL CONDITIONS THAT MAKE THEM PARTICULARLY VULNERABLE
TO COVID-19 VIRUS INFECTION.

   WHILE INCARCERATED I HAVE COMPLETE 7 ADULT CONTINUE EDUCATION (ACE)
CLASS. I HAVE MAINTAINED EXEMPLARY CONDUCT THROUGHOUT INCARCERATION.
I HAVE VOLUNTEER TO HELP OTHER INMATES IN GETTING THEIR GED DIPLOMA
STUDYING AND TUTORING INMATES IN RE-ENTRY PROGRAM. MY CURRENT RELEASE
PLAN IS TO RETURN TO MY HOME TO LIVE WITH MY SPOUSE AND OUR FOUR
YOUNG CHILDREN AT        KACHINA CIRCLE, GOLDEN, CO 80401, I AM
                              OVER→

CURRENTLY HAVE EMPLOYMENT SCHEDULE WITH GSI ENTERPRISES WHERE I WILL WORK FROM HOME OFFICE TO MANAGE, CONSULTING AND ADMINISTRATIVE DUTIES. I WILL HAVE INSURANCE COVERAGE THROUGHT CIGNA HEALTH INSURANCE COVERAGE PROVIDE THROUGH MY SPOUSE COMPANY. I AM WRITING TO YOU FOR YOUR COMPASSIONAT RELEASE AND ALLOWING ME TO REUNITED WITH MY WIFE AND FOUR YOUNG CHILDREN. I AM PLEADING FOR YOUR CONSIDERATION DURING THESE CHALLENGING TIME AND RELEASE ME TO HOME CONFINEMENT SO THAT I CAN TAKE CARE MY FAMILY

SINCERELY
JOHN VAN WU
44803-013

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO:(Name and Title of Staff Member) WARDEN GARELICK | DATE: APRIL 10 2020 |
| FROM: JOHN VAN WU | REGISTER NO.: 44863-013 |
| WORK ASSIGNMENT: CM3 | UNIT: FPC ENGLEWOOD CELL: C-05 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

COMPASSIONATE RELEASE DUE TO MEDICAL CONDITIONS
AND TRANSFER TO HOME CONFINEMENT TO DECREASE
THE RISKS OF COVID-19 PANDEMIC INFECTION ACCORDING
TO ATTORNEY GENERAL WILLIAM BARR MEMORANDUM
MARCH 26, 2020

(Do not write below this line)

DISPOSITION:

You   currently do   Not   qualify

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER     **SECTION**

Exhibit C to Renewed
Motion

May 3, 2020

To: Warden Bradley Greilick

FCI Englewood

9595 W. Quincy Avenue

Littleton, CO 80123
Re: John Van Wu #44803-013

   Request for home confinement under CARES Act.

Dear Sir,

   I am writing to request an immediate release to home confinement, under the CARES Act, passed on March 27, 2020 and in accordance with the latest directive from BOP Assistant Director for the Reentry Services Division, in a memo dated 4/23/20.

   In reference with CDC risk guidelines, I have the following health conditions:

1. I will be 51 years old in July. I have suffered from Chronic Lung disease with Asthma and past TB infection since childhood. I have to use inhalers, Prednisone steroid, and breathing machine at various times in order to breathe properly. I have been treated for Respiratory infection 4 times within the last 6 months. My last Respiratory infection was treated on February 5, 2020 with Bactrim (Sulfamethoxazole/Trimeth 800/160 Mg), Ciprofloxacin 500 Mg, and Prednisone 10 Mg by Dr. Oba, Mr. Cordova, and Dr. Johnson. A few days ago, the doctor have to increasing my Asthma medication with Mometasone Furoate 220 Mcg to 3 times daily on April 28, 2020. Dr. Oba and Mr. Cordova also have put me on Albuterol inhaler to help my Asthma condition. I'm still having difficulty of breathing with shortness of breath with the additional medication twice daily.

2. I have Type 2 Diabetes and was taking Metformin 500 Mg twice daily, which I have temporary stop taking the medication after I have losses 30 pounds of weight with daily excercise.

3. I have CAD heart disease with high blood pressure and take 81mg of Aspirin and stop taking my Lisinopril daily a few month ago by the doctor after my blood pressure is improving with low salt diet and weight loss and daily meditation.

4. I am also suffering from arthritis of the lower back and right hip and taking Ibuprofen 400 Mg twice daily along with Acetominophen 325 Mg twice daily.

5. I have sleep apnea. I have asked medical for a CPAP machine. I stop breathing while sleeping. My cell mates sometimes wake me up to make sure that I resume breathing. My respiratory illness could be fatal, given this condition with increase risk for COVID-19 infection.

The CDC guideline indicates that the highest comorbidity factors among inmates who have died in federal prisons from the COVID-19 virus are Chronic respiratory disease and high blood pressure. According to the CDC, this puts me at an extremely high risk, especially when compounded by diabetes. As a Medical physician, I am very concern that my chronic health condition put me in a high-risk category for COVID-19, and I'm afraid that if I catch it, I will die.

I meet all of the guidelines for release to home confinement, as set forth in the 4/23/20 memo, except I haven't served 50% of my sentence. In that same memo, the Assistant Director provided for the protection of those of us who have critical vulnerability factors but who don't meet the 50% guideline. In the memo, the Assistant Director said, "If the Warden determines that there is a need to refer an inmate for placement in the community due to risk factors, or as a population management strategy during the pandemic, however, the inmate does not meet the above listed criteria, a packet should be forwarded to the Correctional Programs Division for further review. Packets should be sent to BOP-CPD/Assistant Director from the Warden's general mailbox."

It is my understanding that FCI Englewood has at least one staff member who has tested positive for COVID-19 and several others in quarantine who may have been exposed to the virus. I hope it is abundantly clear to you, as he who holds our lives in his hands, that if vulnerable inmates are not released now, it could cost us our lives.

I would appreciate you doing everything within your power to discharge your duty to protect my health and well-being. While incarcerated, I have completed 7 adult Continuation Education (ACE) programs. I have maintained exemplary conduct throughout incarceration. I have volunteer to help other inmates in getting their GED certificate and tutoring inmates in Re-entry programm and participation in First Step Act Program.

I have a reentry plan to live with my wife and four children in our home at 810 Kachina Circle in Golden, Colorado 80401. I have a job with GSI Enterprises where I will work from home office to manage and consulting with administrative duty. I have Insurance coverage throught Cigna Health Insurance coverage provide through my wife company.

Thank you for your consideration and urgent action. I am pleading for your decision during these challenging time and release me to home confinement so I can help take care my family.

Sincerely,

John Van Wu #44803-013



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Institution
*FCI Englewood, CO 80123*

June 1, 2020

**MEMORANDUM FOR REGIONAL ADMINISTRATIVE REMEDY COORDINATOR**

**FROM:**       D. Lozano, Administrative Remedy Clerk

**SUBJECT:**     Administrative Remedy 1022925-E1
                 Wu, John, 44803-013

Administrative Remedy Response number 1022925-F1 was delayed in return
to Mr. Wu due to clerical error.

Please allow this memorandum to serve as notice that the rejection
notice was not returned to the inmate until June 01, 2020. Please use
this return date as the basis for timely appeal.

Exhibit E to Renewed
Motion

**U.S. DEPARTMENT OF JUSTICE**   5/19/80 æ   **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Wu, JOHN Van

| LAST NAME, FIRST, MIDDLE INITIAL | 44803-013 | C-05 | FDC_ENGLEWOOD |
|---|---|---|---|
| | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am appealing to BOP Program Statement No#5050.50, Compassionate Release/Reduction in Sentence procedures for implementation of 18 U.S.C 3582 (c)(1)(A) and 4205(g) with compelling reasons to requested a reduction in sentence (RIS) based on concern about COVID-19. In reference with CDC risk guidelines that the highest comorbidity factors among inmates who have died in federal prison from the COVID-19 infection are high blood pressure, chronic respiratory disease with Asthma. According to the CDC, this put me at an extremely high risk, especially when compounded by diabetes. I'm afraid that if I catch it, I will die. I am pleading for your respond and your consideration to release me to home confinement. (Please see my attached medical conditions).

May 19, 2020

DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

*(handwritten)* Below to rejection Notice.

MAY 2 8 2020

5 29 20

DATE

3G

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

USP LVN

Exhibit F to Renewed
Motion

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 29, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ENGLEWOOD FCI

TO  : JOHN VAN WU, 44803-013
      ENGLEWOOD FCI    UNT: CAMP    QTR: C05-004U
      9595 WEST QUINCY AVENUE
      LITTLETON, CO 80123

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1022925-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : MAY 29, 2020
SUBJECT 1       : REDUCTION-IN-SENTENCE REQUEST-OTHER NON-MEDICAL
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : YOU NEED TO SUBMIT YOUR COVID-19 COMPASSIONATE
                  RELEASE REQUEST TO YOUR UNIT TEAM BEFORE SUBMITTING
                  THROUGH THE APPEAL PROCESS

Case 1:18-cr-00293-RBJ  Document 175-1  Filed 07/24/20  USDC Colorado  Page 12 of 12

**BP-229 RESPONSE**                                    **Case Number: 1020737-F2**

This is in response to your request for Administrative Remedy received on May 29, 2020, wherein you appeal the denial of your request for a Compassionate Release or release to home confinement due to the COVID-19 pandemic.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.

Additionally, current law and recent guidance from the U.S. Attorney General directs the Bureau of Prisons to maximize the use of home confinement in appropriate cases, consistent with Bureau of Prisons policy, the needs and safety of each inmate, and in consideration of the safety of the community.

A review of this matter revealed you were notified in writing that you do not meet the criteria for transfer to home confinement under the CARES Act, or for Compassionate Release.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence or a designation to home confinement. Accordingly, your RIS request and your request for placement on home confinement were denied.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. Greilick, Warden

Date 6/4/2020

Exhibit G to Renewed Motion